Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Geoffrey H. Baskerville, I.D. No. GB 2716
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OMAR MOHAMED** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| **vs.** ) | |
| ) | **COMPLAINT** |
| **VERISK ANALYTICS INC.** ) | |
| **and** ) | |
| **INTELLICORP RECORDS, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | **NON-ARBITRATION** |
| ) | |

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### THE PARTIES

2.    Plaintiff Omar Mohamed is an adult individual residing in the state of Ohio.

3.    Defendant Verisk Analytics, Inc. (hereafter "Verisk") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making

intelligence. Verisk regularly conducts business in the District of New Jersey, and has a principal place of business located at 545 Washington Boulevard, Jersey City, New Jersey 07310.

4.      Defendant IntelliCorp Records, Inc. (hereafter "IntelliCorp") is consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. IntelliCorp regularly conducts business in the District of New Jersey, and has a principal place of business at 3000 Auburn Drive, Suite 410, Beachwood, Ohio 44122.

5.      At all times material hereto, IntelliCorp was a subsidiary of Verisk and a member of the Verisk family of companies, and Verisk and IntelliCorp work in concert with each other in connection with the collection of information and preparation of the consumer reports relevant herein.

## JURISDICTION & VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8.      Verisk is a leading source of information which offers risk assessment and decision analytic services to its clients.

9.      Through its subsidiary, IntelliCorp, Verisk is a leading provider of background checks and employee screening.

10.     IntelliCorp is also a repository of nationwide criminal records.

11.     The FTC has promulgated regulations that specifically prohibit businesses such as Defendants from attempting to avoid FCRA liability through "creative" corporate structures.

12.     Specifically, the FTC provides:

> (a) A consumer reporting agency shall not circumvent or evade treatment as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined under § 603(p) of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(p), by any means, including but not limited to:
> (1) Corporate organization, reorganization, structure, or restructuring, including merger, acquisition, dissolution, divesture, or asset sale of a consumer reporting agency; or
> (2) Maintaining or merging public record and credit account information in a manner that is substantially equivalent to that described in paragraphs (1) and (2) of § 603(p) of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(p). 16 C.F.R. § 611.2.

13.     In or around August 30, 2016, Plaintiff applied for employment as a delivery driver at a company called AdvaCare Systems, Inc. ("AdvaCare").

14.     Plaintiff interviewed for the position telephonically and was provisionally hired by Advacare, contingent upon a background report.

15.     AdvaCare requested from Defendants, and the Defendants sold to AdvaCare, a consumer report concerning the Plaintiff on or around August 30, 2016.

16.     The consumer report furnished by Defendants was for employment purposes.

17.     This consumer report contained items of information which were a matter of public record and likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with AdvaCare.

18.     Defendants have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

19.     The inaccurate information includes, but is not limited to, a felony conviction for assault on a correction officer and misdemeanor conviction for disorderly conduct and misdemeanor charges for operating vehicle intoxicated and discharge of firearm.

20.     The inaccurate information disparages the Plaintiff and portrays him as a convicted felon and a serial criminal, which he is not. There is perhaps no greater error that a consumer reporting agency can make. The inaccurate information consists of incorrect statements which misrepresent him as a criminal when he is not, as well as incorrect personal identifying information.

21.     The derogatory inaccuracies appear to be cause by the Defendants mixing Plaintiff, Omar Mohamed's consumer report with that of another individual with a similar name. Any rudimentary inspection of the data would reveal the inaccuracies. Defendants failed to employ such a procedure.

22.     In creating and furnishing the Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information they reported about the Plaintiff. For example, Defendants allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, living at a different address, within Plaintiff's consumer report.

23.     Upon information and belief, the Plaintiff alleges that Defendants never sent him a notice as required by 15 U.S.C. § 1681k(a)(1).

24.     Additionally, Defendants do not maintain strict procedures designed to insure that the public records information they report is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendants had maintained such procedures, they would not have records belonging to another individual reporting on Plaintiff's consumer report.

25.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

26.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
## PLAINTIFF V. VERISK AND INTELLICORP

28.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

30.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

32.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

33.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that

are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

34.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas as trial counsel in the above-captioned matter.

Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark D. Mailman_____
             MARK D. MAILMAN, ESQUIRE
             JOHN SOUMILAS, ESQUIRE
             GEOFFREY H. BASKERVILLE, ESQUIRE
             Land Title Building, 19th Floor
             100 South Broad Street
             Philadelphia, PA 19110
             (215) 735-8600
             Attorneys for Plaintiff

Dated: November 14, 2017